[Civ. No. 28581. Fourth Dist., Div. One. Mar. 23, 1984.]

DONALD MICHAEL JOHNSON, Plaintiff and Appellant, v. CIVIL SERVICE COMMISSION OF THE CITY OF SAN DIEGO, Defendant and Respondent.

COUNSEL

Frederick C. Phillips for Plaintiff and Appellant.

John W. Witt, City Attorney, Ronald L. Johnson, Chief Deputy City Attorney, and Robert J. Trentacosta, Deputy City Attorney, for Defendant and Respondent.

OPINION

**WIENER, J.**—Donald Michael Johnson appeals the judgment denying his petition for a peremptory writ of mandate seeking to set aside the civil service commission's decision rejecting him as a firefighter on the basis of his spinal condition. Although the court correctly used substantial evidence as the standard of review, we conclude that after examination of the entire record there is insufficient evidence of solid and credible value to support the judgment. We therefore reverse with instructions to enter judgment in favor of Johnson.

*Factual and Procedural Background*

Johnson successfully completed the written civil service examination, physical abilities test and oral examination for admission to the San Diego City Firefighters Academy. After completing the 10-week firefighter's course he was selected as a firefighter contingent upon passing the city's medical examination. Dr. Coil's examination revealed a spinal condition of

bilateral spondylolysis with spondylolisthesis. This condition is a slippage between two of the vertigal bodies in the spinal column in which one of the vertigal bodies does not sit squarely on the vertigal body directly below it. As a result of this finding Dr. Coil placed lifting and carrying restrictions on Johnson and the city personnel director disqualified him for employment as a firefighter for medical reasons. Johnson unsuccessfully appealed to the civil service commission. Applying the substantial evidence test the court agreed with the decision of the civil service commission and denied Johnson's petition for writ of mandate.

*Discussion*

■ Initially we reject Johnson's assertion the court erred in failing to apply the independent judgment test in weighing the evidence.

■ Although Johnson has a statutorily conferred right to be free from employment discrimination because of physical handicap or medical condition (Gov. Code, § 12940, subd. (a)), a public employer may nonetheless impose reasonable physical standards relating to the employee's abilities to perform his or her duties or where, without appropriate physical standards, performance of those duties might endanger the health and safety of the employee or others. (See Gov. Code, § 12940, subds. (a)(1) and (a)(2).)

■ Johnson's fundamental right to pursue a lawful occupation exists only if the employment sought is a common occupation within the community. "An individual does not possess a fundamental right to pursue an occupation wherein 'technical complexity and intimate relationship to the public interest and welfare counsel . . . deference to legislative judgment.'" (*Hardy* v. *Stumpf* (1978) 21 Cal.3d 1, 8 [145 Cal.Rptr. 176, 576 P.2d 1342], quoting *D'Amico* v. *Board of Medical Examiners* (1974) 11 Cal.3d 1, 18 [112 Cal.Rptr. 786, 520 P.2d 10].) ■ Even Johnson does not question the legitimacy of the criteria that he must meet to obtain employment as a firefighter. He recognizes that firefighting involves not only a close relationship to the public interest and welfare, but also requires unique physical skills and technical knowledge. Firefighters must possess the physical abilities to climb ladders under dangerous conditions, carrying hoses or other heavy equipment necessary to extinguish flames and the physical ability necessary to safely carry persons from burning structures. During the course of their responsibilities firefighters are called upon to perform many demanding tasks to avert physical harm to themselves and to the public. (See *Hardy* v. *Stumpf, supra,* 21 Cal.3d at p. 8.) ■ "[A] constitutional right to pursue an occupation presupposes an ability to perform the job. Neither the federal nor state Constitution suggests a person be employed absent the ability to satisfy [the] job requirements. No prohibitive classifi-

cation occurs when a statute categorizes those who can and cannot meet job requirements." (*Ibid.*)

Johnson argues, however, that *Kerrigan* v. *Fair Employment Practice Com.* (1979) 91 Cal.App.3d 43 [154 Cal.Rptr. 29] says otherwise. In that case the court held the independent judgment test must be used in judicially reviewing a decision of the Fair Employment Practice Commission that a job applicant was not discriminated against on the basis of age. (*Id.,* at p. 52.) *Kerrigan,* however, is distinguishable. There, it was argued that age, a factor unrelated to Kerrigan's ability to perform the job, barred his employment. ■ Here, Johnson's physical condition is relevant to his job.

■ California has a firm statutorily stated policy that age may not be used as a reason to deny employment to any person. (Gov. Code, § 12941.) Thus where age is irrelevant to the job, an individual denied employment on that ground should have the court independently evaluate the weight of the evidence. To permit a lesser standard improperly increases the risk that the State's strong public policy against age discrimination will be frustrated by a particular agency.

■ Moreover, unlike the facts in *Sterling Transit Co.* v. *Fair Employment Practice Com.* (1981) 121 Cal.App.3d 791 [175 Cal.Rptr. 548], the city does not have an absolute rule against hiring persons with back deficiencies. The personnel regulations of the City of San Diego expressly provide that "Medical information received from the examining physician will be evaluated by the Personnel Department on a case-by-case basis relating the nature of the individual's medical condition to the specific duties of the position for which the individual is being considered." (City of San Diego Personnel Regs., Medical Examinations, rule 4.)

■ The determinative issue here is whether there is substantial evidence of solid and credible value to support the finding that Johnson's spinal condition barred him from being employed as a firefighter. Specifically, did his condition place him outside medical guidelines M(1) and M(2): "M(1): Muscles, Bones, Joints, Extremities: 1. Acceptable. [¶] (a) Deviations of the spine of small degree, if mobility of spine and weight-bearing are good . . . M(2): 2. Questionable: . . . [¶] (d) Healed fractures, united or ununited, of any bone which interfere with usual work"? It is in this context we review the facts.

The commission denied Johnson employment as a firefighter because an increased risk of low back disorder loss time may exist for individuals with his back condition. There is no evidence Johnson had experienced any phys-

ical problems or his condition would interfere with his ability to work as a firefighter.

The record shows Johnson had superior physical capabilities to perform a firefighter's duties. He ranked at the top of his class at the firefighters academy in the course work involving strength and agility. His instructors verified his exemplary performance in the exercises designed to determine ability to meet the physical demands of a firefighter. Of the 36 members of his class admitted to the academy, he was one of 12 students offered a position.

Dr. Coil, who had placed lifting and carrying restrictions on Johnson, was not a specialist but referred Johnson to one. Dr. Mowrey, of the San Diego Orthopedic Associates Medical Group, Inc., reported Johnson was in excellent physical condition and the lifting and carrying restrictions imposed by Dr. Coil were not valid. Dr. Mowrey concluded no further slippage of Johnson's spine would occur absent a severe accident and Johnson would make a good firefighter candidate. The other specialist who examined Johnson also concluded he was able physically to do firefighter work and was not more injury prone because of his condition.

The only expert testimony offered by the commission was presented by Dr. Friedman who had examined Johnson's X-rays, though not Johnson himself. Dr. Friedman testified a person with spondylolisthesis would have a less stable spine than a person with a normal spine. He also stated further slippage in the spine does not occur once adulthood is reached. Though an individual with spondylolisthesis may take a longer time to heal following a severe injury, the likelihood of injury is not increased. Although he testified he would put weight restrictions on someone with spondylolisthesis, Dr. Friedman also said the most important factor in an individual's ability to do strenuous work is that individual's muscular development.

The evidence does not support a finding Johnson's spinal condition was the type of medical condition for which the city could legitimately bar him from employment as a firefighter. The commission's decision was tied to its preference to avoid the risk that someday Johnson might suffer a traumatic injury and might be off work for a longer period of time than an individual without spondylolisthesis. Although the commission's desire to exercise fiscal restraint is commendable, the gloss of financial prudence cannot unfairly color Johnson's application for employment as a firefighter. There were insufficient facts to justify Johnson's application being rejected on the proper ground that he would suffer a disability within an unacceptably short period of time. (See 62 Ops.Cal.Atty.Gen. 180, 186 (1979).) Johnson's application was rejected because of potential risk that Johnson and

perhaps others with similar problems might suffer a disability at some indefinite time in the future. In effect the city ignored its own personnel regulations by creating a blanket proscription against hiring persons with spondylolisthesis. Even the commission's expert, Dr. Friedman, testified the likelihood of injury is not increased because an individual has spondylolisthesis. Thus, the commission's decision is tied to speculation and fiscal restraint rather than the medical facts of Johnson's application. We therefore conclude the court erred in finding substantial evidence supported the commission's decision.

## Disposition

Reversed with instructions to the trial court to issue a peremptory writ of mandate directing the City of San Diego to hire Johnson as a firefighter.

Staniforth, Acting P. J., and Work, J., concurred.